**BERVAR & JONES**
Birney B. Bervar, bbb@bervar-jones.com (Hawaii Bar No. 5482)
Alakea Corporate Tower
1100 Alakea Street, 20th Floor
Honolulu, Hawaii 96813
Telephone: (808) 550-4990

**BURSOR & FISHER, P.A.**
Yeremey Krivoshey, ykrivoshey@bursor.com (*Pro Hac Vice* pending)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

**BURSOR & FISHER, P.A.**
Andrew J, Obergfell, aobergfell@bursor.com (*Pro Hac Vice* pending)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| NATALY ALVAREZ,  on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br>    v.<br><br>HAWAIIAN AIRLINES, INC.,<br><br>               Defendant. | Case No.<br>Civil<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nataly Alvarez ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of her counsel and upon information and belief, except as to Plaintiff's allegations regarding her own actions which are based on personal knowledge.

## NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.     This is a class action lawsuit regarding Defendant Hawaiian Airlines, Inc.'s ("Hawaiian" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2.     Given the outbreak of the coronavirus, Defendant has cancelled a vast percentage of their international and United States flights.  However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

3.     The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier.  The obligation of airlines to provide refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[1]  Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for

---

[1] DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Apr. 10, 2020) (hereinafter "DOT NOTICE") (emphasis added).

future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[2]

4.      Hawaiian is among the largest airlines in the United States and focuses heavily on travel between mainland United States and Hawaii, as well destinations in Asia and the South Pacific.  In 2019, Hawaiian carried over 11 million passengers.[3]  Hawaiian's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.[4]

5.      Defendant Hawaiian announced in April 2020 that it was "reducing its scheduled service systemwide by 95 percent through April 2020," with the "likelihood of similar reductions in May."[5]

6.      Plaintiff, like many other travelers, was scheduled to fly with Hawaiian from Los Angeles to Maui.

7.      Plaintiff's flight was cancelled by Hawaiian due to the coronavirus travel restrictions.

8.      In the cancellation e-mail to Plaintiff, Hawaiian claimed that Plaintiff could request a refund online.  She was told that she would receive an e-mail once her refund had been processed.

9.      Hawaiian also represents in its Domestic Contract of Carriage that a customer is entitled to a refund when Hawaiian cancels a customer's flight.  Rule

---

[2] *See id.*

[3] HAWAIIAN AIRLINES REPORTS DECEMBER, FOURTH QUARTER AND FULL YEAR 2019 TRAFFIC STATISTICS,
https://newsroom.hawaiianairlines.com/releases/hawaiian-airlines-reports-december-fourth-quarter-and-full-year-2019-traffic-statistics (last accessed Apr. 16, 2020).

[4] HAWAIIAN AIRLINES MARCH AND FIRST QUARTER 2020 TRAFFIC STATISTICS REFLECT EFFECTS OF COVID-19,
https://newsroom.hawaiianairlines.com/releases/hawaiian-airlines-march-and-first-quarter-2020-traffic-statistics-reflect-effects-of-covid-19 (last accessed Apr. 16, 2020).

[5] *Id.*

24(A)(1)[6] entitles passengers to a refund when Hawaiian "refuse[s] to allow you, to travel for reasons relating to . . . Rule 21: Flight Delays, Changes, Cancellations, and Aircraft Changes."  Rule 21(B)(4)(c)[7] includes "Any Government Law, demand, or requirement."

10.     Plaintiff requested a refund from Hawaiian, which never came. Further, upon information and belief, Plaintiff would not have been able to get a cash refund, as Hawaiian is only offering credits.

11.     Hawaiian's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."[8]  The DOT Enforcement Notice applies to "U.S. and foreign airlines."[9]

12.     Hawaiian does not provide instructions online on what happens if Hawaiian cancels the customer's flight.  Instead, Hawaiian directs customers to "follow the instructions presented in the email."[10]  The e-mail, as noted above, only directs customers to submit a form requesting a refund.  Hawaiian does not provide refund instructions or guidance in its coronavirus frequently asked questions.[11] Nor does Hawaiian provide refund instructions on its COVID-19 Travel

---

[6] RULE 24, https://www.hawaiianairlines.com/legal/domestic-contract-of-carriage/rule-24 (last accessed Apr. 16, 2020).

[7] RULE 21, https://www.hawaiianairlines.com/legal/domestic-contract-of-carriage/rule-21 (last accessed Apr. 16, 2020).

[8] DOT NOTICE

[9] *Id*.

[10] ONLINE TICKET CHANGES, https://www.hawaiianairlines.com/OnlineTicketChanges (last accessed Apr. 16, 2020).

[11] COVID-19 FREQUENTLY ASKED QUESTIONS, https://hawaiianair.custhelp.com/app/answers/detail/a_id/3275/~/covid-19-frequently-asked-questions (last accessed Apr. 16, 2020)

Information page.[12]  Hawaiian does, however, provide detailed instructions on travel waivers and rescheduling on both pages.

13.    Hawaiian's consumers have excoriated Hawaiian's refusal or failure to provide its customers with refunds.  For instance, like Plaintiff, customers on the website tripadvisor.com have stated:

April 4, 2020 Review:[13]



April 2, 2020 Review:



_____

[12] COVID-19 TRAVEL INFORMATION, https://www.hawaiianairlines.com/alerts/covid-19-travel-information (last accessed Apr. 16, 2020).

[13] HAWAIIAN REVIEWS, TRIPADVISOR https://www.tripadvisor.com/Airline_Review-d8729086-Reviews-Hawaiian-Airlines (last accessed April 16, 2020).

March 2020 Review:



March 2020 Review:[14]



March 2020 Review:



---

[14] HAWAIIAN REVIEWS, TRIPADVISOR,
https://www.tripadvisor.com/Airline_Review-d8729086-Reviews-or5-Hawaiian-
Airlines.html#REVIEWS (last accessed April 16, 2020)

<u>March 2020 Review</u>:



<u>March 2020 Review</u>:[15]



<u>March 2020 Review</u>:



---

[15] HAWAIIAN REVIEWS, TRIPADVISOR,
https://www.tripadvisor.com/Airline_Review-d8729086-Reviews-or10-Hawaiian-
Airlines.html#REVIEWS (last accessed April 16, 2020)

14.     Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover damages and restitution for:  (i) violation of the California Consumers Legal Remedies Act, Cal Bus & Prof Code §1750, *et seq.* (injunctive relief only), (ii) violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, (iii) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.*, (iv) violation of Hawaii's Unfair Deceptive Acts or Practices Statute, H.R.S. § 480-1, *et seq.*, (v) violation of Hawaii's Uniform Deceptive Trade Practices Act, H.R.S. § 481A, *et seq.*, (vi) violation of Hawaii's False Advertising Law, H.R.S. § 708-871, *et seq.*, (vii) unjust enrichment, (viii) conversion, (ix) fraud, (x) breach of contract, and (xi) money had and received.

## **PARTIES**

15.     Plaintiff Nataly Alvarez is a citizen of the State of California and resides in Baldwin Park, California.  On March 4, 2020, Plaintiff purchased a ticket directly from Hawaiian for an April 14, 2020 flight from Los Angeles to Maui. Plaintiff was to fly with her husband and son and paid approximately $149.00 per ticket for this flight, for a total of approximately $447.00.  However, the flight was cancelled by Hawaiian on March 27, 2020 due to the coronavirus, COVID-19. Plaintiff submitted a request for a refund, but never received confirmation.  On April 2, 2020, Plaintiff attempted to call Hawaiian to request a refund for her flight, but received no response.  Plaintiff has spent many hours on the phone since trying to get ahold of Hawaiian, but with the same result each time.  Plaintiff's father was also a passenger on the flight (although he booked separately) and managed to get ahold of a Hawaiian customer service representative after multiple attempts.  However, Plaintiff's father was told that Hawaiian was only issuing credits for the flight cancellations, not cash refunds.

16.     At the time that Plaintiff purchased her tickets, she understood that she would be entitled to a refund from Hawaiian if her flight was cancelled. However, Plaintiff was deceived by Hawaiian regarding her right to a refund.  Had Plaintiff been aware or had Defendant disclosed that she would not be entitled to a refund for cancelled flights, she would not have booked through Hawaiian, and would have used a different airline and/or booking company, one that would have refunded money for cancelled flights.

17.     Defendant Hawaiian Airlines, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 3375 Koapaka Street, Suite G350, Honolulu, Hawaii 96819.  Defendant Hawaiian conducts substantial business throughout the United States, and specifically in the state of California.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

19.     This Court has personal jurisdiction over this action because Defendant maintains its principal place of business in this District.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> All persons in the United States who purchased tickets
> for travel on a Hawaiian flight scheduled to operate to,
> from, or within the United States whose flights were
> cancelled or were subject to a significant schedule
> change and not refunded.

22.    Plaintiff also seeks to represent a subclass of all members of the Class who purchased the relevant tickets within the state of California (the "California Subclass").

23.    Plaintiff also seeks to represent a subclass of all members of the Class who purchased the relevant tickets for a flight destined for or departing from Hawaii (the "Hawaii Subclass").

24.    Collectively, the California Subclass and the Hawaii Subclass shall be referred to as the "Subclasses."

25.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclasses may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

26.    Specifically excluded from the Class and Subclasses are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

27.    **Numerosity.**  The members of the proposed Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed

Class, and tens of thousands of individuals that are members of the proposed Subclass.  Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class and Subclasses is known by Defendant.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

28.     **Typicality.**  The claims of the representative Plaintiff are typical of the claims of the Class and Subclasses in that the representative Plaintiff, like all members of the Class, paid for a Hawaiian flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight.  The representative Plaintiff, like all members of the Class and Subclasses, has been damaged by Defendant's misconduct in the very same way as the members of the Class and Subclasses. Further, the factual bases of Defendant's misconduct are common to all members of the Class and Subclasses and represent a common thread of misconduct resulting in injury to all members of the Class and Subclasses.

29.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and the Subclass and predominate over any questions affecting only individual members of the Class.  These common legal and factual questions include, but are not limited to, the following:

(a)     Whether Hawaiian failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

(b)     Whether Hawaiian falsely represented that customers whose flights were cancelled would receive a cash refund for cancelled flights;

(c)     Whether Hawaiian violated California's consumer protection laws;

(d)    Whether Hawaiian violated Hawaii's consumer protection laws;

(e)    Whether Hawaiian is liable to Plaintiff and the Class and Subclasses for unjust enrichment;

(f)    Whether Hawaiian unlawfully converted money from Plaintiff and members of the Class and Subclasses; and

(g)    Whether Plaintiff and the Class and Subclasses are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

30.    **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class and Subclasses.  Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclasses.  Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

31.    **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by members of the Class and Subclasses is relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for members of the Class or Subclass, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if members of the Class and Subclasses could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and

comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

32.     In the alternative, the Class and Subclasses may also be certified because:

> (a)     the prosecution of separate actions by individual members of the Class or Subclass would create a risk of inconsistent or varying adjudication with respect to individual members of the Class or Subclass that would establish incompatible standards of conduct for the Defendant;

> (b)     the prosecution of separate actions by individual members of the Class or Subclass would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class or Subclass not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

> (c)     Defendant has acted or refused to act on grounds generally applicable to the Class and Subclasses as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class and Subclasses as a whole.

## CAUSES OF ACTION

### COUNT I
**Violation of the California Consumers Legal Remedies Act
(Cal. Civ. Code § 1750, *et seq.*) (Injunctive Relief Only)**

33.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

34.     Plaintiff brings this claim individually and on behalf of the California Subclass.

35.     California's Consumers Legal Remedies Act ("CLRA"), Cal Civ. Code §1750, *et seq.*, prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

36.     Plaintiff and members of the California Subclass are "consumers" within the meaning of Cal. Civ. Code § 1761(d) because they purchased airline tickets from Hawaiian for personal, family or household purposes.

37.     Defendant is a "person" within the meaning of California Civil Code sections 1761(c) and 1770 and provided "services" within the meaning of sections 1761(b) and 1770.

38.     Plaintiff, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

39.     Defendant's acts and practices, as alleged in this complaint, violate the CLRA because they include unfair and deceptive acts and practices in connection with transactions.

40.     As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff and the other members of the California Subclass that passengers would be entitled to a refund for cancelled flights when in fact no such refunds were paid.

41.     These misrepresentations constitute "unfair or deceptive acts or practices" that are prohibited by the California Consumer Legal Remedies Act ("CLRA"). Cal. Civ. Code §§ 1770(a)(5); 1770 (a)(7); 1770(a)(9); 1770(a)(16).

42.     Further, Defendant concealed from and failed to disclose to Plaintiff and the California Subclass that they would not be refunded for cancelled flights and consequential damages resulting therefrom.

43.     Defendant had a duty to disclose to Plaintiff and members of the California Subclass that it would not issue prompt cash refunds for cancelled flights because Defendant was in a superior position to know their internal policies and proceeding with the transaction without disclosing these terms to Plaintiff and members of the California Subclass rendered the transaction inherently unfair.

44.     The facts concealed or not disclosed by Defendant to Plaintiff and members of the California Subclass were material in that a reasonable consumer would have considered them important when deciding whether to purchase airline ticket from Defendant.

45.     Plaintiff and California Subclass' members' reliance on these omissions was reasonable given Defendant's advertising and representations.

46.     Plaintiff and members of the California Subclass did not know that Defendant was concealing or otherwise omitting material facts.

47.     As a direct and proximate result of Defendant's violations, Plaintiff and the California Subclass are entitled to injunctive relief ensuring Defendant promptly issue refunds in accordance with the DOT Enforcement Notice.

48.     On April 20, 2020, prior to filing this action, a CLRA notice letter was sent to Defendant that complies in all respects with California Civil Code § 1782(a).  Plaintiffs' counsel sent Defendant the letter via certified mail, return receipt requested, advising Defendant that they are in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A true and correct copy of Plaintiff's CLRA letter is attached hereto as **Exhibit A**.

## COUNT II
### Violation of the California False Advertising Law
### (Cal. Bus. & Prof. Code § 17500, *et seq.*)

49.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

50.     Plaintiff brings this claim individually and on behalf of the California Subclass.

51.     Cal. Bus. & Prof. Code §17500 (the "FAL") states: "It is unlawful for any … corporation … with intent directly or indirectly to dispose of real or personal property … to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising device, … or in any other manner or means whatever, including over the Internet, any statement … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

52.     Defendant caused to be made or disseminated through the United States and California, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendant to be untrue and misleading to consumers, including and members of the California Subclass.

53.     Specifically, as alleged more fully above, Defendant has falsely advertised that Plaintiff and members of the California Subclass would be entitled to claim cash refunds for cancelled flights, when in fact those refunds are being withheld from Plaintiff and members of the California Subclass.  These misrepresentations were material to Plaintiff and members of the California

Subclass, were likely to deceive a reasonable consumer, and actually deceived Plaintiff and members of the California Subclass.

54.     As a direct and proximate result of Defendant's untrue and misleading advertisements, Plaintiff and the other members of the California Subclass have suffered injury in fact and have lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*

55.     In choosing to purchase airline tickets from Defendant, Plaintiff and members of the California Subclass relied on Defendant's untrue and misleading advertisements with respect to cash refunds for cancelled flights.  Had Plaintiff and members of the California Subclass known they would not be entitled to a cash refund for cancelled flights, they would not have purchased airline tickets from Defendant.

56.     The wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business.  Defendant's wrongful conduct is part of a course of conduct that is still perpetuated and repeated, both nationwide and in the State of California.

57.     Plaintiff and members of the California Subclass seek injunctive relief, restitution, and such other relief as is available under the FAL.

### COUNT III
### Violation of the California Unfair Competition Law
### (Cal. Bus. & Prof. Code §17200, *et seq.*)

58.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

59.     Plaintiff brings this claim individually and on behalf of the California Subclass.

60.     California's Unfair Competition Law ("UCL"), California Business and Professions Code §17200, prohibits any "unlawful, unfair, or fraudulent business act or practices."

61.     Defendant is a "person" under Cal. Bus. & Prof. Code § 17201.

62.     In the course of its business, Defendant violated the UCL by engaging in unlawful, fraudulent, unfair and deceptive business acts and practices. Defendant violated each prong of the UCL.

63.     Specifically, Defendant violated the fraudulent prong of the UCL by, *inter alia*, knowingly and intentionally misrepresenting and concealing from Plaintiff and members of the California Subclass the fact that Defendant would not issue cash refunds for cancelled flights or consequential damages resulting therefrom.

64.     Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of:

> (a)     their violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), (a)(9), and (a)(16) as alleged above;
>
> (b)     their violations of the FAL, Cal. Bus. & Prof. Code § 17500 *et seq.*, as alleged above; and
>
> (c)     their violations of the of the DOT Enforcement Notice, issued April 3, 2020, as alleged above.

65.     Defendant violated the unfair prong of the UCL because the acts and conduct alleged herein offend established public policy, and are immoral, unethical, unscrupulous, or substantially injurious, and the harm Defendant caused to consumers greatly outweighs any benefits associated with its practices.

66.     As more fully described above, Defendant's misleading conduct is likely to deceive reasonable consumers.  Indeed, Plaintiff and the other members of the California Subclass were unquestionably deceived regarding the nature of the

refund for cancelled airline tickets and consequential damages resulting therefrom, as Defendant failed to disclose the true nature of its refund policies.  Said acts are fraudulent business practices.

67.    Plaintiff and the other members of the California Subclass suffered a substantial injury as a result of Defendant's conduct.  Specifically, Plaintiff and members of the California Subclass would not have purchased airline tickets from Defendant absent Defendant's unlawful, fraudulent, and unfair representations.

68.    There is no benefit to consumers or competition from deceptively depriving consumers of cash refunds for cancelled flights and consequential damages resulting therefrom.

69.    Plaintiff and the other California Subclass members had no way of reasonably knowing that Defendant would deprive them of a cash refund for cancelled flights, or for consequential damages resulting therefrom.  Thus, they could not have reasonably avoided the injury each of them suffered.

70.    Defendant acted knowingly, intentionally, and/or with reckless disregard for the rights of Plaintiff and members of the California Subclass. Defendant's fraudulent, unfair, and unlawful conduct continues to this day.

71.    Plaintiff and members of the California Subclass seek declaratory, injunctive, and equitable relief, including restitution and/or disgorgement, and any other just and proper relief available under the UCL.

## COUNT IV
## Violation of Hawaii's Unfair Deceptive Acts or Practices Statute
## H.R.S. § 480-1, *et seq.*

72.    Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

73.    Plaintiff brings this cause of action on behalf of herself and members of the Hawaii Subclass.

74.     This cause of action is brought pursuant to Hawaii's Unfair Deceptive Acts and Practices Statute ("UDAP"), H.R.S. § 480-1, *et seq.*

75.     Plaintiff and the other members of the Hawaii Subclass are "consumers," as the term is defined by H.R.S. § 480-1 because they are natural persons who, primarily for personal, family, or household purposes, purchased airline tickets for flights with Defendant Hawaiian.

76.     The conduct alleged in this Complaint constitutes unfair and deceptive acts and practices for the purpose of the UDAP because the conduct was undertaken by Defendant in the conduct of its trade and commerce.

77.     Plaintiff purchased her airlines tickets for a flight with Hawaiian during the statute of limitations period.  With respect to these purchases, Plaintiff reasonably believed that, in the event that Defendant Hawaiian were to cancel her flight, Plaintiff would be issued a prompt refund of her ticket price.  Plaintiff's belief in this regard was reasonable because (i) Hawaiian represents in its Domestic Contract of Carriage that a customer is entitled to a refund when Hawaiian cancels a customer's flight, and (ii) the DOT Enforcement Notice specifically requires issuing "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."

78.     Plaintiff would not have made this purchase, or would have paid less for her airline tickets with Hawaiian, had she known that she would not be promptly refunded by Hawaiian in the event that Hawaiian cancelled her flight.  The same is true for members of the Hawaii Subclass.

79.     As alleged more fully above, Defendant has violated the UDAP by representing that its customers would be entitled to a prompt refund in the event Hawaiian cancelled their flights, when in fact Hawaiian has not issued prompt cash refunds to customers.

80.     As a result of engaging in such conduct, Defendant has violated H.R.S. § 480-2, which declares "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful.

81.     A practice is "unfair" under the UDAP when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.  *See Balthazar v. Verizon Haw., Inc.*, 109 Haw. 69, 77, 123 P.3d 194, 202 (2005).

82.     Defendant's conduct was of no benefit to passengers on its scheduled flights to Hawaii who rely on the marketing of airlines in making purchasing decisions.  Failing to issue a prompt cash refund upon Hawaiian's cancellation of a flight is of no benefit to consumers.  Moreover, representing that Hawaiian would issue a prompt refund to customers upon cancellation of their flights when they would not is injurious to customers because it deceived them into purchasing flight tickets under the belief that it carried with it certain terms and conditions that it simply did not possess.  Indeed, Plaintiff believed that the airline tickets she purchased would be refunded promptly upon cancellation of her flight by Hawaiian based on Hawaiian's Domestic Contract of Carriage and the DOT Enforcement Notice.

83.     Plaintiff and the Hawaii Subclass members would not have purchased airline tickets with Hawaiian, or would have paid less for them, had they known that they would not be promptly refunded by Hawaiian in the event that Hawaiian cancelled their flights.  As a result, Defendant's conduct is substantially injurious to consumers, including Plaintiff, and such conduct was "unfair."

84.     An act or practice is "deceptive" under the UDAP when it consists of a representation, omission, or practice that is likely to mislead consumers acting reasonably under the circumstances and when the representation, omission, or

practice is material.  *See Courbat v. Dahana Ranch, Inc.*, 111 Haw. 254, 262, 141 P.3d 427, 434 (2006).  A representation, omission, or practice is considered material if it involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product.  *See id.*

85.    As alleged herein, Defendant's conduct was deceptive because it had the effect of deceiving consumers into believing that Hawaiian would promptly refund their airline tickets in the event that Hawaiian cancelled their flights.  The belief that Hawaiian would promptly refund their airline tickets in the event that Hawaiian cancelled their flights was material because it was important to consumers and influenced Plaintiff's and the Hawaii Subclass members' decision to purchase airline tickets with Hawaiian.  Specifically, Plaintiff and the Hawaii Subclass members would not have purchased airline tickets with Hawaiian, or would have paid less for them, had they known that they would not be promptly refunded by Hawaiian in the event that Hawaiian cancelled their flights.

86.    Because Defendant – through its advertising of its flights – misled Plaintiff and members of the Hawaii Subclass into believing they would be entitled to a prompt refund in the event that Hawaiian cancelled their flights, and this caused financial injury to customers by inducing purchases that would not have occurred and/or caused them to pay more for airline tickets with Hawaiian than they otherwise would have, Defendant's conduct was and is "deceptive."

87.    In sum, each of the elements for a claim brought pursuant to H.R.S. § 480-13 is satisfied, in that: (1) Defendant has violated H.R.S. § 480-2(a) by committing unfair and deceptive business acts and practices, as set forth above, (2) these unfair and deceptive business acts and practices caused Plaintiff and the Hawaii Subclass members financial harm by inducing purchases that would not have occurred and/or caused them to pay more for the airline tickets with Hawaiian than they otherwise would have, (3) damages to Plaintiff and the Hawaii Subclass

members can be proven on class-wide basis, and (4) this action is in the public interest because Defendant's unfair and deceptive business acts and practices have caused harm to all consumers, and Defendant is a merchant that sells the airline tickets for profit.

88.     Plaintiff seeks require Defendant to issue prompt refunds to Plaintiff and members of the Hawaii Subclass.

89.     Pursuant to H.R.S. § 480-13(a)(1), Plaintiff also seeks compensatory damages of threefold the damages incurred by herself and the Hawaii Subclass in purchasing the airline tickets from Hawaiian, as well as reasonable attorney's fees together with the costs of suit.

## COUNT V
### Violation of Hawaii's Uniform Deceptive Trade Practices Act
### H.R.S. § 481A, *et seq.* (injunctive relief only)

90.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

91.     Plaintiff brings this cause of action on behalf of herself and members of the Hawaii Subclass.

92.     By committing the acts and practices alleged herein, Defendant has violated Hawaii's Uniform Deceptive Trade Practices Act ("UDTPA"), H.R.S. § 481A, et seq, as to the Hawaii Subclass.

93.     Defendant is a "person" under H.R.S. § 481A-2 because it is a corporation.

94.     Pursuant to Hawaii's UDTPA, Defendant has engaged in deceptive trade by engaging in the following conduct:

    (a)     Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have.  *See* H.R.S. § 481A-3(a)(5).  Defendant has

represented that it will promptly refund a passenger's airline tickets when Defendant cancels the passenger's flight, when Defendant would not;

(b)     Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  *See* H.R.S. § 481A-3(a)(7). Defendant has represented that it will promptly refund a passenger's airline tickets when Defendant cancels the passenger's flight, when Defendant would not;

(c)     Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.  *See* H.R.S. § 481A-3(a)(7).  Defendant Domestic Contract of Carriage and DOT Enforcement Notice represented that Defendant will promptly refund a passenger's airline tickets when Defendant cancels the passenger's flight, when Defendant would not; and

(d)     Advertising goods or services with the intent not to sell them as advertised.  *See* H.R.S. § 481A-3(a)(7).  Defendant has represented that it will promptly refund a passenger's airline tickets when Defendant cancels the passenger's flight, when Defendant would not.

95.     At all relevant times, Defendant has known or reasonably should have known that it would not prompty issue refunds upon cancellation of a flight, and that Plaintiff and other members of the Hawaii Subclass would reasonably and justifiably rely on the packaging and other advertisements in purchasing the airline tickets from Hawaii.

96.     Plaintiff and members of the Hawaii Subclass have reasonably and justifiably relied on Defendant's misleading, and fraudulent conduct when

purchasing the airline tickets from Hawaiian.  With respect to Plaintiff's purchases, Plaintiff reasonably believed that the airline tickets from Hawaiian would be promptly refunded in the event Hawaiian cancelled her flight.  Plaintiff's belief in this regard was reasonable because of the terms and conditions in Hawaiian's Domestic Contract of Carriage and the DOT Enforcement Notice.  Plaintiff would not have made this purchase, or would have paid less for the airline tickets from Hawaiian, had she known that the Airline tickets from Hawaiian would not be promptly refunded in the event of a cancellation by Hawaiian.  The same is true for members of the Hawaii Subclass.

97.     Moreover, based on the materiality of Defendant's deceptive and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the products may be presumed or inferred for Plaintiff and members of the Hawaii Subclass.

98.     Under H.R.S. § 481A-4, Plaintiff and members of the Hawaii Subclass are seeking injunctive relief, preventing Defendant from continuing to engage in the wrongful acts and unfair and unlawful business practices described herein.  Plaintiff also seeks attorneys' fees and costs and all other remedies this Court deems proper pursuant to H.R.S. § 481A-4.

## COUNT VI
### Violation of Hawaii's False Advertising Law
### H.R.S. § 708-871, *et seq.*

99.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

100.    Plaintiff brings this cause of action on behalf of herself and members of the Hawaii Subclass.

101.    Hawaii's False Advertising Law ("FAL") provides that:

A person commits the offense of false advertising if, in connection with the promotion of the sale of property or services, the person knowingly or recklessly makes or causes to be made a false or misleading statement in any advertisement addressed to the public or to a substantial number of persons.

H.R.S. § 708-871.

102.   Defendant has knowingly and recklessly made false and misleading statements to the public, including Plaintiff and members of the Hawaii Subclass, through Defendant's deceptive marketing, that the airline tickets from Hawaiian would be promptly refunded upon cancellation of flights by Hawaiian. Defendant's representations were misleading because would not promptly refund flight tickets upon cancellation of the flights.  Because Defendant has disseminated misleading information regarding the airline tickets from Hawaiian, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representation was misleading, Defendant has violated the FAL.

103.   Furthermore, Defendant knows, knew or should have known through the exercise of reasonable care that such representation was unauthorized and misleading.

104.   As a result of Defendant's false advertising, Defendant has fraudulently obtained money from Plaintiff and members of the Hawaii Subclass.

105.   Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the Hawaii Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of the Hawaii Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## COUNT VII
### Unjust Enrichment

106.   Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

107.   Plaintiff brings this claim on behalf of herself and members of the Class and Subclasses.

108.   Plaintiff and the Class and Subclasses conferred a benefit on Defendant in the form of monies paid to purchase airline tickets for flights that were later cancelled or subject to a significant schedule change by Hawaiian.

109.   Defendant has knowledge of these benefits.

110.   Defendant voluntarily accepted and retained this benefit.  Defendant voluntarily retained the benefit of the purchase price of the tickets in addition to consequential damages resulting from the cancelation (such as the customer having to cancel the return flight).

111.   Because this benefit was obtained unlawfully, namely by selling airline tickets for flights that were later cancelled by Hawaiian, it would be unjust and inequitable for the Defendant to retain it without paying the value thereof.

## COUNT VIII
### Conversion

112.   Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

113.   Plaintiff brings this claim individually and on behalf of the members of the Class and Subclasses against Defendant.

114.   Plaintiff and members of the Class and Subclasses have an ownership right to the monies paid for the tickets for cancelled flights sold by Defendant, as well as for the consequential damages resulting therefrom.

115.   Defendant has wrongly asserted dominion over the payments illegally diverted to them for the cancelled flights, and consequential damages resulting

therefrom.  Defendant has done so every time that Plaintiff and members of the Class and Subclasses paid to purchase a ticket for a flight that was later cancelled or subject to a significant schedule change by Hawaiian.

116.   As a direct and proximate cause of Defendant's conversion, Plaintiff and members of the Class and Subclasses suffered damages in the amount of the payments made for each time they purchased a ticket for a flight that was cancelled or subject to a significant schedule change by Hawaiian, and in the amount of consequential damages resulting therefrom.

**COUNT IX**
**Fraud**

117.   Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

118.   Plaintiff brings this claim on behalf of herself and members of the Class and Subclasses.

119.   As discussed above, Defendant falsely misrepresented that costs paid for cancelled flights would be refunded.  Despite these representations, Defendant failed to refund moneys paid by Plaintiff and members of the Class and Subclasses.

120.   Defendant knew they would not reimburse customers for cancelled flights, but nevertheless continued to make knowingly false representations about refunds.  In short, the false and misleading representations and omissions were made with knowledge of their falsehood.

121.   The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the Class and Subclasses reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the Class and Subclasses to purchase airline tickets from Defendant.

122.   The fraudulent actions of Defendant caused damage to Plaintiff and members of the Class and Subclasses, who are entitled to damages and other legal and equitable relief as a result.

123.   As a result of Defendant's willful and malicious conduct, punitive damages are warranted.

## COUNT X
## Breach of Contract

124.   Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

125.   Plaintiff brings this claim on behalf of herself and members of the Class and Subclasses.

126.   Defendant entered into contracts with Plaintiff and members of the Class to provide services in the form of flights in exchange for a set amount of money.

127.   Defendant has breached these contracts by retaining Plaintiff and Class members' ticket prices while not providing flight services.

128.   Plaintiff and members of the Class have suffered an injury through the payment of money for tickets while not receiving services in return.

## COUNT XI
## Money Had and Received

129.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

130.   Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

131.   Defendant received money in the form of airline ticket fees that was intended to be used for the benefit of Plaintiff and the Class and Subclasses.

132.   Those airline ticket fees were not used for the benefit of Plaintiff and the Class and Subclasses, and Defendant has not given back or refunded the

wrongfully obtained money and airline ticket fees to Plaintiff and the Class and Subclasses.

133.   Defendant obtained roughly money in the form of airline ticket fees that was intended to be used to provide flights for Plaintiff and the Class and Subclasseses.  However, Defendant has retained all of the airline ticket fees while cancelling its flights that Plaintiff and members of the Class and Subclasseses were supposed to be passengers on.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class and Subclasses, that the Court enter judgment in their favor and against Defendant as follows:

(a)   An Order certifying the proposed Class and Subclasses and appointing Plaintiff and her Counsel to represent the Class and Subclasses;

(b)   An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Class and Subclasses for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

(c)   An Order of disgorgement of wrongfully obtained profits;

(d)   An award of compensatory, statutory, and punitive damages, in an amount to be determined;

(e)   An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(f)   Interest on all amounts awarded, as allowed by law; and

(g)   Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:  April 20, 2020

Respectfully Submitted,

**BERVAR & JONES**

By: _  /s/ Birney B. Bervar_
           Birney B. Bervar

**BURSOR & FISHER, P.A.**
Yeremey Krivoshey,
Andrew J, Obergfell,

*Counsel for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Yeremey Krivoshey, declare as follows:

     1.     I am an attorney at law licensed to practice in the State of California. I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

     2.     The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that Defendant Hawaiian Airlines, Inc. maintains its principal place of business in this District and a substantial portion of the events alleged in the Complaint occurred in this District.

     3.     I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Richmond, California this 20th day of April, 2020.

*/s/ Yeremey Krivoshey*
Yeremey Krivoshey